# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COACH, INC., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3150 |
| | § | |
| TRENDY TEXAS, LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for default judgment and permanent injunction against defendant Trendy Texas, Inc. ("Trendy"). Dkt. 20. Trendy has not responded to the motion. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach") own the trade name "COACH" and the trademark for various different distinctive marks relating to that name. *See* Dkt. 20 (listing different marks that are registered with the U.S. Patent and Trademark Office). Coach contends that it has continuously used and never abandoned the marks at issue in this case. *Id.* Coach also has valid copyrights for the following designs: "Legacy Stripe" design, "Signature C" design, "Op Art" design, and "Horse & Carriage" design. *Id.* (listing the registration numbers).

On or about August 10, 2016, undercover officers entered Trendy's location at 7171 Harwin Drive, Suite 103, Houston, Texas, and purchased several allegedly counterfeit items that were for sale. *Id.*; Dkt. 22 (affidavit of investigator). Investigators confirmed the items were counterfeit, and then police officers re-entered with a search warrant and seized 371 purportedly Coach-trademarked

items.  Dkts. 20, 22.  Coach contends that Trendy has no license, authority, or permission from Coach to use its trademarks, trade dress, copyrights, or design elements.  Dkt. 20.  Coach asserts that Trendy has engaged in illegal counterfeiting and infringing activities negligently or knowingly and intentionally and with reckless disregard or willful blindness, or with bad faith.  *Id.*  Moreover, Coach alleges that Trendy's activities are likely to create a false impression and deceive consumers into believing its products have a connection with Coach.  *Id.*

Coach filed this claim against Trendy and its owners, defendants Baig Mahmood and Mirza Mohammad Dawood Baig, on October 25, 2016.  Dkt. 1.  In its original complaint, Coach asserted claims of copyright infringement, various trademark violations under the Lanham Act, common law trademark infringement, unjust enrichment, and unfair competition.  *Id.*  Coach's original complaint sought damages, a permanent injunction, attorneys' fees, and costs.  *Id.*

On November 14, 2016, Mahmood Baig filed a general denial, purportedly on behalf of himself and Trendy.  Dkt. 6.  Coach amended its complaint on April 12, 2017.  Dkt. 12.  The amended complaint is substantively the same as the original complaint and merely corrects Trendy's name.  Dkt. 10.  On May 24, 2017, Baig filed a general denial of the amended complaint on his own behalf.  Dkt. 16.  Trendy was served with the amended complaint on May 9, 2017, but it did not answer or otherwise respond.  *See* Dkt. 17 (proof of service).

Coach filed a motion for default judgment against Trendy on August 18, 2017, seeking judgment on its claims for copyright infringement, trademark infringement, trademark counterfeiting, unfair competition, and unjust enrichment.  Dkt. 20.  It served the motion via certified mail return receipt requested.  *Id.*; Dkt. 24.  Coach seeks statutory damages under both the Copyright Act and the Lanham Act and a permanent injunction at this time.  Dkt. 20.  It will request that damages be increased due to Trendy's alleged willful violations and seek attorneys' fee via a separate motion

after the default judgment has been entered. *Id.* Trendy has not responded. The motion for default judgment is now ripe for disposition.

## II. LEGAL STANDARD

### A. Default Judgment

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.* A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true. *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared.

3

Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

**B.     Permanent Injunction**

"The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006). District courts should not automatically grant a permanent injunction upon a finding that a copyright has been infringed. *Id.* at 392–93. Instead, a plaintiff seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that public interest would not be disserved by a permanent injunction." *Id.* at 391.

### III. ANALYSIS

The court finds that Coach has served the motion for default judgment on Trendy via certified mail, return receipt requested, as required by the Local Rules, and Coach has shown that Trendy, a company, is not a minor or incompetent person and is not in the military. Additionally, Coach's complaint contains well-pleaded allegations that Trendy infringed Coach's copyrights and trademarks and that the allegations in the complaint, taken as true, sufficiently support Coach's false designation of origin, unfair competition, and unjust enrichment claims. The court will first address each of these claims and then consider Coach's request for an entry of a permanent injunction.

### A.     The Copyright Act

"Copyright protects the expression of ideas." *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1344 (5th Cir. 1994). "[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 517–18, 114 S. Ct. 1023 (1994). "[I]f a work is entitled to copyright protection, its author [or creator] is granted exclusive rights over its reproduction, adaptation, distribution, performance, and display, . . . [and] [u]se of a copyrighted work by one who does not own the copyright constitutes infringement under federal law." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787–88 (5th Cir. 1999). In a copyright infringement case, the plaintiff must prove that (1) it owns a valid copyright; and (2) the defendant copied it. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). The plaintiff generally establishes ownership "by proving the originality and copyrightability of the material and compliance with the statutory formalities"; however, if the plaintiff has copyright certificates of registration, the certificates create "a rebuttable presumption that the copyrights are valid." *Id.* The plaintiff proves copying by proving that (1) the defendant had access to the material; and (2) "there is a substantial similarity between the two works." *Id.*

Coach contends that it owns copyrights in the Coach Design Elements used on its products. Dkt. 12. Specifically, it asserts that it has valid copyrights that are registered with the Copyright Office for the "Legacy Stripe," "Signature C," "Op Art", and "Horse & Carriage" designs, and it provides the registration numbers for these designs. *Id.* Coach alleges that Trendy violated 17 U.S.C. § 501 by copying the Coach & Lozenge Design, Coach Leatherware Est. 1941 & Design, CC and Design (Signature C), Amended CC & Design (Signature C), and other Coach Design elements. *Id.*

5

Under 17 U.S.C. § 501(a), "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Taking the allegations in the amended complaint as true, Trendy infringed on Coach's Coach & Lozenge Design, Coach Leatherware Est. 1941 & Design, CC & Design, Amended DD & Design, and other Design Elements. *See* Dkt. 12. Therefore, the motion for a default judgment on Coach's Copyright Act claim is GRANTED.

Under 17 U.S.C. §504(c), a copyright owner may elect to recover statutory damages rather than actual damages, and Coach has elected statutory damages. 17 U.S.C. §504(c)(1); Dkt. 20. The court may award,

> for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

*Id.* If the court finds a willful violation, it "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). An infringement is "willful" under § 504 if the infringer "knows his [or her] actions constitute an infringement." *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1002 (S.D. Tex. 2000) (Rosenthal, J.). Conversely, if the court finds that the infringer either was unaware or had no reason to believe his or her acts infringed a copyright, the court may reduce the statutory damages award "to a sum of not less than $200." *Id.* The district court has wide discretion in awarding damages. *Broadcast Music*, 855 F.2d at 237. However, "damages may not be awarded 'without a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Here, Coach contends that Trendy's infringement was willful and requests statutory damages of $150,000 for each of its two copyrights at issue.[1] Dkt. 20. However, the affidavit provided addresses trademarks rather than copyrights. *See* Dkt. 22. Accordingly, the court defers ruling on damages for the Copyright Act violation until Coach has provided briefing and evidence that will enable the court to determine an appropriate award under the statute.

**B.     The Lanham Act**

A "trademark" is "any word, name, symbol, or device, or any combination thereof . . . used by a person, or which a person has a bona fide intention to use in commerce . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. The Lanham Act "provide[s] remedies for unfair and misleading use of trademarks." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co., Inc.*, 520 F.3d 393, 399 (5th Cir. 2008).

Coach alleges violations of the following sections of the Lanham Act: 15 U.S.C. §§ 1114, 1125(a), 1125(c). The claims under 15 U.S.C. § 1114 are for trademark counterfeiting and infringement. Dkt. 12. Section 1114 prohibits using counterfeit "imitation[s] of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive," and prohibits counterfeiting "a registered mark and applying it to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce . . . ." 15 U.S.C. § 1114.

---

[1] The amended complaint actually alleges that Trendy "had access to and copied the Coach & Lozenge Design, Coach Leatherware Est. 1941 & Design, CC & Design (Signature C), Amended CC & Design (Signature C), and other Coach Design Elements present on Coach Products." Dkt. 12 at 21. The motion for default, however, asserts, when seeking willful infringement damages, that only two copyrights are at issue. Dkt. 20 at 23.

7

Coach contends that Trendy has used or continues to use marks that are identical to or substantially indistinguishable from Coach's trademarks and that it intended to cause, has caused, or is likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing Trendy's products are genuine or authorized products of Coach. Dkt. 12.

The claim under § 1125 for which Coach seeks a default judgment is for false designation of origin.[2] Dkt. 20. Under 15 U.S.C. § 1125(a), a person may not use in commerce "a word, term name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that is likely to cause confusion "as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person" or misrepresents the origin of the goods, services, or commercial activities in commercial advertising or promotion. Coach contends in its complaint that Trendy's promotion, advertising, distribution, sale, and/or offering for sale of the infringing products is intended to and likely to cause parties to believe the products have been authorized or sponsored, licensed, approved, or endorsed by Coach or that Trendy is somehow affiliated with Coach. Dkt. 12.

These allegations are well pleaded and adequately assert claims for trademark counterfeiting, trademark infringement, and false designation of origin. Accordingly, Coach's motion for default judgment on these claims is GRANTED.

---

[2] Coach's motion for default does not address the other trademark claims in its amended complaint. *Compare* Dkt. 12 (asserting claims for trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin and false advertising, and trademark dilution), *with* Dkt. 20 at 2 ("Plaintiffs move for a Default Judgment holding Trendy Texas liable on each of Plaintiffs' claims for copyright infringement, trademark infringement, trademark counterfeiting, unfair competition, and unjust enrichment"), *and* Dkt. 20 at 18 (asserting that the amended complaint "contains well-pleaded charges of Trendy Texas's copyright infringement, trademark infringement, false designation of origin, and unfair competition" claims).

With regard to statutory damages under the Lanham Act,

> [i]n a case involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . ., an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of –
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just ; or
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

Here, the affidavit submitted by Coach indicates that undercover officers from Houston Police Department seized 371 items bearing Coach trademarks, and it provides photographs of various tags, labels, wallets, bracelets, sunglasses, and other items bearing Coach marks. Dkt. 22. Coach's expert states that he is of the opinion that all of the items are counterfeit. *Id.* He does not, however, provide the number of different marks that were infringed.[3] *See id.* The court cannot ascertain the appropriate amount of damages under the statute without information about how many marks were infringed. *See* 15 U.S.C. § 1117(c) (indicating that the amount of the statutory damages award is "per counterfeit mark per type of goods or services sold"). Accordingly, the court defers

---

[3] The court notes that the amended complaint appears to list all of Coach's trademarks and does not delineate which specific marks are at issue in this case. *See* Dkt. 12. The motion for default judgment provides a shorter list of marks that are allegedly at issue in this case, but it does not cite an affidavit to support the assertion. Dkt. 20. The proposed order includes a list of marks and requests that the court find Trendy liable for infringement of "one or more of" the marks on the list. Dkt. 20-2. The affidavit provides pictures of seized items, but it does not list which of Coach's registered trademarks (or copyrights) were copied on these items. Dkt. 22.

ruling on damages for the Lanham Act violations until Coach has provided briefing and evidence that will enable the court to determine an appropriate award under the statute.

C.      **Unfair Competition and Unjust Enrichment**

Coach's unfair competition and unjust enrichment claims are both common law claims asserted under Texas law. Dkt. 12.

> The elements of an unfair competition or common law misappropriation claim [in Texas] are: (1) the creation of plaintiff's product (i.e. the trade secret information) through extensive time, labor, skill and money; (2) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff; and (3) commercial damage to the plaintiff.

*BP Auto., L.P. v. RML Waxahachie Dodge, L.L.C.*, 448 S.W.3d 562, 571–72 (Tex. App.—Houston [1st Dist.] 2014, no pet.). With regard to unjust enrichment, under Texas law, a "party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heidenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). The doctrine "applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d 467 (1998).

Coach contends that Trendy has made and will continue to make substantial profits to which it is not lawfully entitled and that its actions constitute unjust enrichment. Dkt. 12. It asserts that it has been damaged by these activities. *See id.* However, Coach does not appear to be seeking

separate damages for these claims.[4]  *See* Dkt. 20; Dkt. 20-3 (proposed order).  The court therefore GRANTS Coach's motion for default judgment on these claims but declines to award damages.

**D.	Permanent Injunction**

Taking the allegations against Trendy in the amended complaint as true, the court finds that Coach has suffered an irreparable injury, monetary damages are inadequate to compensate that injury, a remedy in equity is warranted, and the public interest would be served by granting a permanent injunction that bars Trendy from further activity that infringes on Coach's intellectual property rights.  Coach's motion for a permanent injunction is therefore GRANTED.  The court will issue the injunction in a separate document filed concurrently with this order.

Signed at Houston, Texas on October 17, 2017.

_____
Gray H. Miller
United States District Judge

---

[4] It is unclear whether Coach would even be entitled to damages under these common law theories in addition to the statutory damages it seeks under the Copyright and Lanham Acts.  *Cf. Mary Kay, Inc. v. Weber*, 601 F Supp. 2d 839, 864 (N.D. Tex. 2009) (Fish, J.) (finding that the plaintiff may be entitled to damages under the Lanham Act and was not entitled to the same damages under a theory of unjust enrichment).